UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**FILED**
**OCT 1 3 2015**
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

IN RE: DOMESTIC AIRLINE TRAVEL
ANTITRUST LITIGATION                                                            MDL No. 2656

## TRANSFER ORDER

**Before the Panel:**[*] Before the Panel are four separate motions under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation. Plaintiffs in the Northern District of Illinois *Bidgoli* action seek to centralize this litigation in the Northern District of Illinois. Plaintiff in the Eastern District of New York *State-Boston Retirement System* action moves to centralize this litigation in the Eastern District of New York. Plaintiff in the *Blumenthal* action pending in the District of District of Columbia moves to centralize this litigation in that district. Finally, plaintiffs in the Southern District of New York *Devivo* action seek to centralize this litigation in the Southern District of New York. This litigation currently consists of twenty-three actions pending in seven districts, as listed on Schedule A. Additionally, the Panel has been notified of sixty-nine related actions pending in fifteen districts.[1]

All responding parties support centralization, but disagree as to the appropriate transferee forum for this litigation. Plaintiffs in twelve potential tag-along actions support the motion to centralize this litigation in the Northern District of Illinois. Plaintiffs in six actions support the motion to centralize this litigation in the Eastern District of New York. Plaintiffs in two actions support the motion to centralize this litigation in the District of District of Columbia. Plaintiff in one action supports the motion to centralize this litigation in Southern District of New York. Plaintiffs in five actions and eighteen related actions support centralization in the Northern District of California.[2] Plaintiffs in one action and one related action support centralization in the Northern

---

[*] Judge Sarah S. Vance took no part in the decision of this matter. Additionally, certain Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] Several of these plaintiffs also suggest, in the alternative, that these actions be transferred to the Northern District of California as tag-alongs to MDL No. 1913 – *In re Transpacific Passenger*

(continued...)

-2-

District of Texas. Plaintiffs in nine related actions, and plaintiffs in ten related actions in the alternative, suggest centralization in the District of Minnesota. The Eastern District of Louisiana and the Eastern District of Pennsylvania each are supported by plaintiffs in one potential tag-along action. Finally, defendants American Airlines Group Inc., American Airlines, Inc., Delta Air Lines, Inc., Southwest Airlines Co., United Continental Holdings, Inc., and United Airlines, Inc. support centralization in the District of District of Columbia or, alternatively, in the Northern District of Texas.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization of this litigation in the District of District of Columbia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising out of an alleged conspiracy by defendants—the nation's four largest airlines with an alleged collective market share of approximately 80%—to fix prices for domestic airline tickets by keeping domestic flight capacity artificially low. All of the actions assert overlapping putative nationwide classes of direct purchasers of domestic airfare, and all the actions assert antitrust violations of Section 1 of the Sherman Act. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.[3]

We are presented with a number of potential transferee districts by the parties. After weighing all relevant factors, we select the District of District of Columbia as the transferee district for this litigation. This district presents a convenient and accessible forum for what will be a nationwide litigation. Both plaintiffs and defendants support centralization in this district. Furthermore, the District of District of Columbia possesses the necessary judicial resources and expertise to manage this litigation efficiently. And, centralization in this district provides us the opportunity to assign the litigation to the Honorable Colleen Kollar-Kotelly, an able and experienced jurist who has not yet had the opportunity to preside over a multidistrict litigation.

---

[2](...continued)
*Air Transportation Antitrust Litigation*. We decline this alternative request. The *Transpacific* litigation involves different parties, different allegedly anticompetitive conduct, and is far more procedurally advanced than the present actions.

[3] Plaintiffs in a potential tag-along action pending in the Bankruptcy Court of the Southern District of New York (*Fjord*) argue for inclusion of that adversary proceeding in this MDL, while defendant American Airlines opposes its inclusion. These arguments are premature. *See In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prods. Liab. Litig.*, 787 F. Supp. 2d 1358, 1360 (J.P.M.L. 2011). The proper approach is for the parties to present their arguments by either moving to vacate if we issue an order conditionally transferring *Fjord* or moving to transfer if we decline to place *Fjord* on a conditional transfer order. *See* Panel Rules 6.1 & 7.1.

-3-

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the District of District of Columbia are transferred to the District of District of Columbia and, with the consent of that court, assigned to the Honorable Colleen Kollar-Kotelly for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Marjorie O. Rendell
Acting Chair

Charles R. Breyer        Lewis A. Kaplan
Ellen Segal Huvelle      R. David Proctor
Catherine D. Perry

IN RE: DOMESTIC AIRLINE TRAVEL
ANTITRUST LITIGATION

MDL No. 2656

## SCHEDULE A

### Northern District of California

LAVIN v. AMERICAN AIRLINES, INC., ET AL., C.A. No. 3:15-03090
ANDRADE v. AMERICAN AIRLINES GROUP, INC., ET AL., C.A. No. 3:15-03111
BACKUS v. DELTA AIR LINES, INC., ET AL., C.A. No. 3:15-03137
HARTLEY v. UNITED AIRLINES, INC., ET AL., C.A. No. 3:15-03176

### District of District of Columbia

BLUMENTHAL v. AMERICAN AIRLINES, INC., ET AL., C.A. No. 1:15-01056
YOUMANS v. AMERICAN AIRLINES, INC., ET AL., C.A. No. 1:15-01059
JAIN v. AMERICAN AIRLINES, INC., ET AL., C.A. No. 1:15-01072
GOLIAN v. AMERICAN AIRLINES, INC., ET AL., C.A. No. 1:15-01075
PANZINO, ET AL. v. AMERICAN AIRLINES, INC., ET AL., C.A. No. 1:15-01084

### Northern District of Illinois

BIDGOLI, ET AL. v. AMERICAN AIRLINES GROUP, INC., ET AL.,
    C.A. No. 1:15-05903
SILVER v. AMERICAN AIRLINES GROUP, INC., ET AL., C.A. No. 1:15-06099

### Eastern District of New York

HERSH v. DELTA AIRLINES, INC., ET AL., C.A. No. 1:15-03908
KROMAR, ET AL. v. DELTA AIRLINES, INC., ET AL., C.A. No. 1:15-03937
STATE-BOSTON RETIREMENT SYSTEM v. AMERICAN AIRLINES, INC., ET AL.,
    C.A. No. 1:15-03974
HOWARD SLOAN KOLLER GROUP v. AMERICAN AIRLINES, INC., ET AL.,
    C.A. No. 1:15-04002
REPAN v. AMERICAN AIRLINES, INC., ET AL., C.A. No. 1:15-04036
PALMER v. DELTA AIR LINES, INC., ET AL., C.A. No. 1:15-04047
CURLEY, ET AL. v. DELTA AIRLINES, INC., ET AL., C.A. No. 1:15-04062

-A2-

## MDL No. 2656 Schedule A (Continued)

### Southern District of New York

DEVIVO, ET AL. v. DELTA AIRLINES, INC., ET AL., C.A. No. 1:15-05162
WINTON v. SOUTHWEST AIRLINES CO., ET AL., C.A. No. 1:15-05231
RAJI v. AMERICAN AIRLINES, INC., ET AL., C.A. No. 1:15-05384

### Eastern District of Pennsylvania

MCENERNEY, ET AL. v. DELTA AIRLINES, INC., ET AL., C.A. No. 2:15-03767

### Northern District of Texas

CUMMING, ET AL. v. AMERICAN AIRLINES, INC., ET AL., C.A. No. 3:15-02253